1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9

IROC AVELLI,

10
       *Petitioner*,

11
vs.

12

13
WARDEN NEVENS, *et al.*

14
       *Respondents.*

2:05-cv-01049-JCM-GWF

ORDER

15

16
      This habeas matter under 28 U.S.C. § 2254 comes before the Court on the

17
respondents' motion (#13) to dismiss.

18
### *Background*

19
      Respondents seek dismissal of the federal petition on the basis of exhaustion and

20
procedural default.  Respondents first contend that the petition is subject to dismissal as a

21
mixed petition because Grounds Two through Five were not exhausted.  They maintain that

22
petitioner did not present the federal constitutional claims now presented in Grounds Two

23
through Five to the state courts when he presented state law claims to the state courts based

24
on similar facts.   Respondents further contend that Grounds Two through Five are

25
procedurally defaulted.

26
      In his opposition, petitioner did not present any argument tending to establish that he

27
presented the federal constitutional claims now presented in Grounds Two through Five to

28
the state courts during post-conviction review.  His arguments instead begged the question

1  of whether the federal constitutional claims were fairly presented to the state courts during
2  state post-conviction review.

3          However, in any event, in a subsequent filing (#20), petitioner states that he "will
4  stipulate to his federal writ of habeas corpus being a mixed petition."  He requests that the
5  Court administratively close the case so that he can return to state court to exhaust the claims
6  and then subsequently reopen this matter to pursue the claims after exhaustion.

7                                      *Governing Law*

8          Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court
9  remedies on a claim before presenting that claim to the federal courts.  To satisfy this
10  exhaustion requirement, the claim must have been fairly presented to the state courts
11  completely through to the highest court available, in this case the Supreme Court of Nevada.
12  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329
13  F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific
14  federal constitutional guarantee and must also state the facts that entitle the petitioner to relief
15  on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.
16  2000).  That is, fair presentation requires that the petitioner present the state courts with both
17  the operative facts and the federal legal theory upon which his claim is based.  *E.g., Kelly v.
18  Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  The exhaustion requirement accordingly insures
19  that the state courts, as a matter of federal-state comity, will have the first opportunity to pass
20  upon and correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman
21  v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

22          Under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), a
23  federal habeas petitioner with a mixed petition may request that the federal district court stay
24  his petition while he returns to state court to exhaust the unexhausted claims.  However, to
25  obtain a stay, the petitioner must demonstrate that "there was good cause for the petitioner's
26  failure to exhaust his claims first in state court."  125 S.Ct. at 1535.  Moreover, "even if a
27  petitioner had good cause for [the] failure, the district court would abuse its discretion if it were
28  to grant him a stay when his unexhausted claims are plainly meritless."  *Id.*

1

***Discussion***

On the showing and concession made, the Court holds that Grounds Two through Five are not exhausted.  If petitioner wishes to obtain a stay and administrative closure of this action for him to return to state court exhaust the claims, he must file a motion for a stay within the time allowed below.   In any such motion, he must demonstrate that the requirements of *Rhines*, *supra*, are satisfied in this case.

The Court does not at this time reach the procedural default issues raised, without prejudice to the respondents further pursuit of the procedural default defense in any subsequent proceedings.

IT THEREFORE IS ORDERED that the respondents' motion (#13) to dismiss is GRANTED, subject to the remaining provisions of this order.

IF FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:

        (1)    File a motion to voluntarily dismiss, without prejudice, Grounds Two through Five (the "unexhausted claims") and proceed forward on only Ground One; or

        (2)    File a motion to voluntarily dismiss the entire petition without prejudice in order to return to state court to exhaust his state remedies on the unexhausted claims; or

        (3)    File a motion to stay this action while he returns to state court to exhaust the claims.

The Court informs petitioner that, on the face of the record, the one year time limitation for habeas actions in 28 U.S.C. § 2244(d) has expired.  Accordingly, absent some basis for tolling, which is not established by the pendency of this action, if petitioner dismisses, even without prejudice, all or some of his claims under options (1) or (2) above, a later petition seeking to again present the claims may be barred as untimely under the one-year limitation period in Section 2244(d).  Moreover, the claims potentially may be subject to other defenses. The Court accordingly informs petitioner that he may request the stay and abey procedure

in option (3) above.  However, to obtain a stay, petitioner must make the showing required by *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

If this action is stayed under option (3), the Court will administratively close the action, without a final judgment, until such time the Court grants a motion to reopen the action, under the same case number, following upon exhaustion of state court remedies as to all claims.

IT IS FURTHER ORDERED that the entire petition will be dismissed without prejudice for lack of exhaustion if petitioner does not seek other relief within thirty days of entry of this order.  Dismissal will be without prejudice, but petitioner is informed, as above, that the one year time limitation under Section 2244(d) has expired; and a later action will be time-barred absent equitable tolling, which may not be based on the pendency of this action.

DATED this 20th day of February, 2007.

JAMES C. MAHAN
United States District Judge

-4-